**P. R. Quinlan, Defendant in Error, v. The Almini Company, Plaintiff in Error.**

**Gen. No. 20,654.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915. Rehearing denied March 22, 1915.

### Statement of the Case.

Action by P. R. Quinlan against The Almini Company, a corporation, to recover a balance of $68.05 for flowers purchased by defendant.

The facts showed that the flowers were purchased on October 1, 1912, by one Hahn, who was the manager of a branch of the original Almini Company, for the carrying out of a contract which his company had in the city in which the branch was located.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There was evidence that the charter, of the defendant states that it "is formed for the purpose of continuing and taking over one of the same name." The evidence also showed that the president of the defendant, who owned seventy-four per cent. of its stock, was also president of the original company. It was also shown that by an agreement between the three stockholders owning all of the stock in defendant, made February 17, 1913, it was recited that the original company was owner of the goods, accounts, etc., in the branch store and it was agreed that defendant should pay the debts incurred by the branch store before October 1, 1912, and that Hahn should assume those incurred thereafter.

To reverse a judgment for plaintiff for $68.05, defendant prosecutes this writ of error.

GEORGE W. WILBUR, for plaintiff in error.

BAKER & HOLDER, for defendant in error; W. W. HOOVER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 380*—*when evidence sufficient to show ratification of act of agent.* In an action against a corporation to recover the purchase price of flowers bought by an agent of its predecessor to fulfil a contract which such predecessor had for the decoration of a hotel, evidence of one who was the president of the predecessor when the contract was made that the agent had made the contract for the decorating, that he had authority to buy what was necessary to fulfil the contract and that the principal office of the predecessor had received payment from the hotel under the contract of the agent, is sufficient to show that the purchase by the agent had been ratified by his principal.

2. CORPORATIONS, § 597*—*when debt assumed by succeeding corporation.* Where the holders of all the stock of a succeeding corpo-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ration agree to assume all the debts incurred by a branch of its predecessor before October 1, 1912, and that a third person should assume the debts incurred after that date, a debt incurred by such branch on October 1, 1912, is assumed by the corporation.

3. CORPORATIONS, § 597*—*where evidence sufficient to show succession to another corporation.* Evidence which shows the identity of name of a second corporation with a first, that the second had the same president as the first, that it carried on a business of the same character as the first and by agreement of the stockholders took the goods, accounts, etc., and assumed the debts of a branch of the first from a certain date, and that the charter of the second recited that it was "formed for the purpose of continuing and taking over one of the same name," is sufficient to warrant a finding that the second was a successor of the first.

4. CORPORATIONS, § 325*—*when contract intra vires.* Where the charter of a corporation authorizes it to carry on all kinds of interior decorations, it may if necessary to complete a contract for · decorating, buy flowers to be used for that purpose.